## 7609

## STATE v. MURPHY.

1. MALICIOUS MISCHIEF—MALICE.—From evidence tending to show a defendant shot a hog trespassing on and damaging his orchard after having given notice to his neighbors to remove them and after having said he was going over there with his gun to shoot everything he found there—that he was going over to shoot hogs—malice may be inferred. Is it a crime to shoot an animal with the motive of pro-tecting one's property from its depredations?

2. NEW TRIAL.—That the jury knew the neighborhood and people better than the Court is a good reason for refusing a new trial, moved on alleged erroneous findings by jury. That the Court in refusing the motion assigned a reason which may have been erroneous will not warrant reversal unless the ruling was controlled by the erroneous reason.

Before GAGE, J., Berkeley, March, 1910.    Affirmed.

Indictment against Thos. M. Murphy for shooting a hog. Defendant appeals from sentence below.

*Mr. W. St. Julian Jervey,* for appellant, cites: *When Judge may set aside verdict:* 1 S. C., 1; 77 S. C., 328; 61 S. C., 490; 69 S. C., 101; 52 S. C., 371; 64 S. C., 566; 73 S. C., 340.  *No Malice:* 15 S. C., 409; 14 Rich., 247; 62 S. C., 252; 19 Ency., 641.

*Solicitor Hildebrand,* contra, cites: *Not necessary to show malice toward owner:* 15 S. C., 413; 62 S. C., 270; 64 S. C., 558.  *This is malicious mischief:* 15 S. C., 413.

July 11, 1910.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  The defendant appealed from sentence upon conviction for malicious mischief, to wit: shooting the prosecutor's hog, while trespassing on his premises, rooting up his orchard, and damaging the ditches therein.

The exceptions question the rulings of the trial Judge: 1. In refusing to direct a verdict of not guilty, because there was no evidence of malice; 2. In charging that, under the statue, the malice which must be proved need not be against the owner of the property; 3. In refusing a new trial, after he had charged the jury that it was a good defense to the indictment to show that the killing was done while the animal was trespassing within defendant's enclosure, and with the motive of protecting his property from

its depredations, when the testimony showed that those were the circumstances under which the hog was killed; and 4. In giving as one of his reasons for refusing a new trial that such ruling might excite feuds and contentions.

There was testimony that the defendant had been annoyed by the hogs of his neighbors trespassing upon his premises, and he had given them notice to remove them. The prosecutor testified that defendant told him, a few days before the hog was shot, that he was going over there with his gun and shoot everything he found there—that he was going over to shoot hogs; that he was going to kill every damned thing that came there. Defendant admitted killing the hog.

In *State* v. *Doig,* 2 Rich., 179, it is said: "Malice is a term of art, implying wickedness, and excluding a just cause or excuse. It is implied from an unlawful act, wilfully done, until the contrary be proved." It has also been defined to be the wilful or intentional doing of a wrongful act, without just cause or excuse.

The facts and circumstances above recited were sufficient to warrant a reasonable inference of malice. There was, therefore, no error in refusing to direct a verdict of acquittal.

The second ground is ruled against appellant in *State* v. *Toney,* 15 S. C., 409.

Without expressing any opinion as to the correctness of the charge that it was a good defense to the indictment to show that the killing was done while the animal was trespassing within defendant's enclosure, and with the motive of protecting his property from its depredations, as the correctness of that proposition is not before the Court, we see no error in refusing the new trial after the Court had so charged, because the jury evidently found that the protection of defendant's property was not the sole motive for the killing of the hog, but that it was done maliciously. That finding having support in the evi-

dence, the ruling of the Circuit Judge on the motion for new trial cannot be reviewed by this Court.

The motion for a new trial was based upon alleged erroneous findings of fact by the jury. In response, his Honor said the jury knew the neighborhood and people better than he did, and, presumably, for that reason, he thought their findings were correct, at least, he assigned that as one reason for his refusal to disturb the verdict. That was a good and sufficient reason. That he assigned another which may have been erroneous, would not warrant the interference of this Court, unless it had been made to appear that his decision was controlled by the erroneous reason.

Judgment affirmed.